UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROBERT L. WAXMAN, individually,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,    **JURY DEMAND**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff ROBERT L. WAXMAN alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. Plaintiff alleges that Defendant incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and pre-recorded or artificial voice messages.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff ROBERT L. WAXMAN is a natural person and a citizen of the State of Florida, residing in Miami-Dade County, Florida. Said Plaintiff is the cellular account holder-owner and has dominion over the cellular telephone that Defendant was calling.

6. Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Portfolio Recovery Associates") is a Delaware limited liability company, a debt buyer, and debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 120 Corporate Boulevard Suite 100, Norfolk, VA 23502-1111. Plaintiff further alleges that Portfolio Recovery Associates is a citizen of both the State of Virginia and the State of Delaware.

## FACTUAL ALLEGATIONS

7. Over four years prior to the institution of this lawsuit, Plaintiff ROBERT L. WAXMAN began receiving automated telephone calls on his cellular telephone from the Defendant.

8. Upon answering any of these calls, the Plaintiff was greeted by either: (a) a machine-operated voice asking the recipient to "press one if this is Robert Waxman," or (b) a noticeable delay while the caller's telephone system attempted to connect the Plaintiff to a live operator.

9. When the Plaintiff answered any of these calls and was connected to a live operator, the operator advised that he or she was calling on behalf of Portfolio Recovery Associates to collect a debt allegedly owed by someone named "Robert K. Waxman."

10. Despite the similarity of name, the Plaintiff has no relationship anyone named Robert K. Waxman, and Plaintiff does not know who this "other" Robert Waxman is.

11. Despite Plaintiff's repeated admonitions that he is not the Robert K. Waxman sought by the Defendant, Portfolio Recovery nonetheless continued to repeatedly telephone him.

12. Plaintiff avers that in spite of numerous requests to stop Defendant's constant barrage of telephone calls, Defendant persists in calling Plaintiff's cellular telephone.

13. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008), In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

14. In sum, Defendant has made numerous telephone calls to Plaintiff's cellular telephone, each of which was made using either an automatic telephone dialing system or an artificial or pre-recorded voice.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

15. Plaintiff incorporates paragraphs 1 through 14 herein.

16. Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by placing telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff ROBERT L. WAXMAN requests that the Court enter judgment in favor of Plaintiff and against Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC for:

a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

e. litigation expenses and costs of the instant suit; and

f. such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 14th day of February, 2013.

        BRET L. LUSSKIN, Esq.
        *Attorney for Plaintiff*
        1001 N. Federal Hwy., Ste 106
        Hallandale Beach, Florida 33009
        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844
        blusskin@lusskinlaw.com

By: /S/ Bret L. Lusskin, Esq.
     Bret L. Lusskin, Esq.
     Florida Bar No. 28069